```
                  UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF VERMONT

JOHN RHODES,                         :
     Plaintiff,                      :
                                     :
          v.                         :     File No. 1:05-CV-60
                                     :
TOWN OF GEORGIA,                     :
     Defendant.                      :
_____:
```

RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(Paper 27)

I.   Introduction

Plaintiff landowner John Rhodes ("Plaintiff") brings this 42 U.S.C. § 1983 action against Defendant Town of Georgia ("Defendant") claiming violations of his due process and equal protection rights.  Specifically, Defendant is alleged to have engaged in a pattern of denying, delaying, and placing limitations on Plaintiff's numerous development plans for his property.  Defendant moves for summary judgment on several bases, including res judicata.  For the following reasons, Defendant's motion is granted.

II.  Background

Because there are no disputed facts for purposes of the pending motion, (Paper 33 at 1), the parties' factual recitation shall be incorporated herein.  (Papers 30 and 32).  For ease of reference, the Court also provides the following summary of

Plaintiff's development plans underlying this lawsuit, along with information about the accompanying state court litigation:[1]

| Subject matter | State Court litigation after adverse administrative outcome |
|---|---|
| "40 Lots" | Concluded.  State court decisions in Plaintiff's favor (1995).  (Paper 29, Exs. 1 and 2). |
| "Town Highway #20" | Concluded.  State court decision in Plaintiff's favor finding due process and equal protection  violations (2002), (Paper 29, Ex. 6), aff'd 175 Vt. 626 (2003). |
| "Lease Lots" | Concluded.  The appeals in Env. Ct. (Nos. 49-3-05 and 50-3-05) were resolved on 11/20/06 by a stipulated order between Plaintiff and Defendant.  (Papers 34-36). |
| "Old Town Road" | Pending in Franklin Superior Court, Docket No. S55-06Fc.  (Paper 36-2). |

III. Discussion

Plaintiff's § 1983 action must be dismissed under the doctrine of res judicata.  Secondarily, Plaintiff's procedural due process claim, which appears to be "the fundamental nature" of his complaint, (Paper 31 at 2), fails because Plaintiff has not alleged or proved that state remedies are inadequate.

In addressing the res judicata question, the Court must determine what preclusive effect a Vermont court would give to the prior proceedings.  See Burka v. New York City Transit Auth., 32 F.3d 654, 657 (2d Cir. 1994).  Under Vermont law, "a final

---

[1] Plaintiff never attempted to amend his complaint so the Court declines to consider circumstances pertaining to the "Old Town Road."

judgment in previous litigation bars subsequent litigation if the parties, subject matter, and causes(s) of action in both matters are the same or substantially identical." Faulkner v. Caledonia County Fair Ass'n, 178 Vt. 51, 54 (2004).  A practical benefit of res judicata is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication."  Zingher v. Yacavone, 30 F. Supp. 2d 446, 452 (D. Vt. 1997) (citation omitted).

In this action, Plaintiff seeks relief in federal court based on Defendant's conduct surrounding the 40 Lots, Town Highway #20, and lease lots plans.  The main obstacle in his way, however, is that this case is not the first time Plaintiff has sought the assistance of the courts to resolve these development disputes with Defendant.  In state courts, Plaintiff has litigated to finality issues surrounding the 40 Lots, Town Highway #20, and lease lots, and received favorable resolutions in each.  In fact, in the Town Highway #20 case, Plaintiff asserted, and the Franklin Superior Court found, constitutional violations.  (Paper 29, Ex. 6 at 18-23).

In an effort to avoid the application of res judicata, Plaintiff contends:  "[i]n none of the previous individual cases could the Plaintiff have raised the argument he raises in this case, that the Town continually treated the Plaintiff differently

than other property owners similarly situated." (Paper 31 at 4-5). This argument is unconvincing, however, because Plaintiff's current claims arise out of precisely the same set of facts which formed the basis of his prior lawsuits. At a minimum, as of mid-2002, more than one of Plaintiff's development plans had been frustrated by Defendant such that there was enough evidence for the Franklin Superior Court to conclude that the Town's Selectboard "wants to frustrate <u>any</u> <u>plan</u> that [Plaintiff] might have for development in the future." (Paper 29, Ex. 6 at 23) (emphasis added). Furthermore, Plaintiff's reliance on the lease lots litigation to form the basis of constitutional claims is suspect considering that a stipulated order between Plaintiff and Defendant ultimately resolved the dispute.

In sum, the Court concludes Plaintiff was on notice of the alleged pattern of conduct during the course of his resolved state cases such that Plaintiff is only now bringing this lawsuit, not because he could not have asserted the claims in earlier litigation, but simply because he has newly discovered evidence[2] making for an arguably stronger pattern (or that has just alerted counsel to a possible theory under § 1983). Throughout the parties' litigious history, proceedings have

---

[2]For instance, Plaintiff has continually emphasized comments made by town officials after his state court litigation "which support the Plaintiff's position and serve as a basis for this suit." (Paper 31 at 5).

4

consistently resolved Plaintiff's development woes in his favor; issues arising out of the same set of operative facts should not be relitigated in federal court simply because Plaintiff has decided to cast them in a slightly different mold.  Res judicata is meant to prevent such a result.

Secondarily, even if this case were not barred by res judicata, Plaintiff's procedural due process claim would be subject to dismissal.  "A plaintiff alleging a denial of procedural due process must prove as an essential element of the claim that state procedural remedies are inadequate.  This requires a court to consider not simply the administrative proceedings that result in alleged injury, but the totality of state process available, including means that serve to redress administrative error."  Ludd v. Rockville Centre Union Free Sch. Dist., 1990 WL 31650, at *12 (E.D.N.Y. Mar. 9, 1990) (internal quotation marks and citations omitted); see also Nocera v. New York City Fire Comm'r, 921 F. Supp. 192, 202 n.5 (S.D.N.Y. 1996) ("The plaintiff is not required to exhaust state remedies but, if there are adequate state remedies, the plaintiff cannot complain that he was denied procedural due process").

Here, Plaintiff has failed to allege or prove, let alone cite to meaningful authority, that state remedies were in any way constitutionally inadequate.  Quite to the contrary, Plaintiff acknowledges he pursued his administrative remedies and judicial

appeals successfully in each instance.  (Paper 6 at 2).  To the extent this action has been brought due to Defendant's noncompliance with prior state court judgments,[3] it seems the appropriate path would be for Plaintiff to seek post judgment relief in the state case.  There has been no indication that Plaintiff would be foreclosed from doing so and nothing in this decision should be read as a bar to such an attempt.

IV.  Conclusion

For these reasons, Defendant's motion for summary judgment, (Paper 27), is GRANTED and this case is DISMISSED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 23rd day of March, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge

---

[3] As Plaintiff has made clear on several occasions, including the March 15, 2007 hearing, this action was filed, at least in part, to seek Defendant's compliance with those state court judgments.